BLEZNAK v. SPRINGFIELD FIRE & MARINE INS. CO.

(Circuit Court of Appeals, Third Circuit.   December 13, 1916.)

No. 2166.

1. APPEAL AND ERROR &=1002—REVIEW—VERDICT.

A verdict on conflicting evidence will not be disturbed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937;  Dec. Dig. &=1002.]

2. INSURANCE &=668(5, 6)—FIRE INSURANCE—POLICIES—PROOFS OF LOSS.

A fire policy covered a lot of sweet potatoes contained in a shed in the rear of insured's dwelling.  Title to the dwelling was in insured and his father, and in making proof of loss of the sweet potatoes the blank used was a duplicate of the one used as a proof of the loss under the policy covering the dwelling.  Because of this reason, statements of joint ownership in the potato policy proof were the same as in the proofs on the other policy, and obviously referred to joint ownership of the dwelling, and not to joint ownership of the potatoes.  Such was shown by the accompanying affidavit, alleging a joint ownership of the dwelling, but a sole ownership of the potatoes in insured.  *Held* that, in such case, the proof of loss could not be disregarded, on the ground that the statements improperly included constituted false swearing by the insured touching matters relating to the insurance, and showed that the interest of insured was other than unconditional and sole ownership, but the matter was properly submitted to the jury.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1737–1740, 1758–1760;  Dec. Dig. &=668(5, 6).]

In Error to the District Court of the United States for the District of New Jersey;  John Rellstab, Judge.

Action by Isaac Bleznak against the Springfield Fire & Marine Insurance Company.   Judgment for plaintiff, and defendant brings error.   Affirmed.

Lewis Starr, of Camden, N. J., for plaintiff in error.

Ethan Wescott and John Wescott, both of Camden, N. J., for defendant in error.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

BUFFINGTON, Circuit Judge.   In the court below Isaac Bleznak, a citizen of New Jersey, brought suit against the Springfield Fire & Marine Insurance Company, a corporate citizen of Massachusetts, on two policies of fire insurance.   At the trial the court held that on one policy, which covered a building, the proofs of loss were insufficient, and there could be no recovery.   As to the other policy, it in effect submitted the question of the sufficiency of the proofs to the jury, which found that and the other issues involved in favor of the plaintiff.   To a judgment entered on such verdict, the plaintiff sued out this writ, and here contends the court should have given binding instructions in its favor.

[1, 2] A study of the record satisfies us that the court below committed no error.   The policy on which plaintiff recovered covenanted against loss on a large lot of sweet potatoes contained in a shed in the rear of his dwelling house.   While the ownership of such pota-

&=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

toes by the insured, the fact that they were burned, and indeed that they were even in the shed, was denied by the defendant, yet there was evidence to the contrary which compelled the submission of those questions to the jury. A verdict settling those issues must therefore be sustained, unless as a question of law the court was bound to hold the proofs of loss were insufficient. But this it could not do. It is true they are inartistically drawn; but, reading them and the accompanying affidavit in the light of attendant facts, they evidenced such a substantial compliance with the requirements of the policy that a court would not have been justified in holding as a matter of law they were insufficient. As to the proof itself, it certainly contained some statements which, if they referred to the sweet potatoes, showed that the ownership of them was in Bleznak, the assured, and his father. But the blank used for the proof of loss was a duplicate of one used as a proof for the other policy, which was upon real estate the legal title of which was in Bleznak and his father, and the attempt to use for personal property a blank which was meant for proof of a real estate loss necessarily led to the use of some language not fitted to a proof for the loss of personalty.

As the sweet potatoes were in a shed on that land, and the statements of joint ownership written in the potato policy proof are the same as in the proofs on the other or real estate policy, it is evident such statements were meant to refer to such joint real estate ownership, and not to a joint ownership of the potatoes. That such was the case is shown by the accompanying affidavit which alleged a joint ownership of the realty, but a sole ownership of the potatoes.

We are therefore of opinion the court below could not have held that these papers, in and of themselves, constituted a "false·swearing by the insured touching any matter relating to this insurance," or that they show that "the interest of the insured was other than unconditional and sole ownership," as provided in the policy. And as the jury, under the way the cause was tried and submitted to it by the court, have found the sole ownership of the potatoes was in the insured, and that he made no false statement in the proofs, it follows defendant has no ground of substantial complaint, and the judgment below should be affirmed.